(15 Misc. Rep. 457.)

### BIEN et al. v. PARSONS et al.

(City Court of New York, General Term. January 28, 1896.)

EVIDENCE—PAROL TO EXPLAIN WRITING.
    Where the nature of the work to be done by plaintiff under a contract with defendant requires that some one should furnish plaintiff with certain information, and the contract fails to show whose duty it was to furnish such information, parol evidence is admissible to establish that fact.

Appeal from trial term.

Action by Julius Bien and others against John D. Parsons and others. There was a judgment in favor of plaintiffs, and defendant Parsons appeals. Affirmed.

Argued before FITZSIMONS and BOTTY, JJ.

George M. Wright, for appellant, John D. Parsons.
Franklin Bien, for respondent.
Walter L. McCoy, for defendant Thurlow Weed Barnes.

FITZSIMONS, J. I think that the contract (marked "Plaintiffs' Exhibit A") shows that Hall acted as the agent of the defendants in making it, because they approved of the same. The very nature of the work to be done required that some one should furnish the plaintiffs necessary information, or, as plaintiffs designate it, the "necessary material," to construct a geological map of New York state, as required by said contract. As the contract failed to show whose duty it was to furnish such information, it was proper to admit oral evidence to establish that fact. It also appears that the failure of the plaintiffs to finish their work within the time fixed was due to the failure of the defendants' agent to furnish the plaintiffs with the information which it was necessary for him to furnish, and was apparently no fault of the plaintiffs. The evidence shows that he never furnished such information, and for that reason they were not able to complete their contract, and thus were compelled to bring this

---

[1] Code Civ. Proc. § 3172, is as follows: "The court may, of its own motion, or upon the application of either party, without the consent of the other, by order, direct a reference, to determine and report upon a question of fact, arising upon a motion, in any stage of an action."

action for damages caused them by reason of the violation of such contract by the defendants' default.

As to the question of partnership raised by the answer of the defendant Barnes, I think the evidence submitted justifies the conclusion that he was a partner of the other defendants. The testimony of the defendant Parsons tending to prove such copartnership was admissible, because it corroborated the other testimony upon that question given in the plaintiffs' behalf. Standing alone, it would, perhaps, not have been sufficient, but was a strong link in the chain of evidence submitted by plaintiffs to prove affirmatively, by a preponderance of evidence, that issue, as they were required to do under the pleadings. The testimony also shows that this action was commenced within six years after the cause of action herein accrued.

The whole record, I think, shows that the case was fairly and fully tried, and that the verdict was justified by the evidence given to the jury; and we think no error was committed that should entitle the appellant to a new trial, and therefore the judgment is affirmed, with costs.